# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. SEABOLT,** | : | **CIVIL NO. 3:CV-12-0780** |
| Petitioner, | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ROBERT COLLINS, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Anthony M. Seabolt ("petitioner"), a state inmate currently incarcerated at the State Correctional Institution at Frackville (SCI Frackville), Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on April 26, 2012, challenging his Court of Common Pleas of York County, Pennsylvania, November 25, 2008, plea of guilty to "vehicular homicide while DUI" and "aggravated assault while DUI." (Doc. 1; Doc. 9-7, at 2.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). Therefore, on May 1,

2012, the parties were notified that the petition appeared to be untimely and respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations and petitioner was afforded the opportunity to file a reply. (Doc. 4.) On May 22, 2012, respondents filed a motion to dismiss the petition as untimely. (Doc. 9). Petitioner filed a reply on June 4, 2012. (Doc. 10). For the reasons set forth below, the petition will be dismissed as untimely.

## I.    Background

In September 2007, petitioner was arrested in York County, Pennsylvania, and charged with Homicide by Vehicle While Driving Under the Influence, Aggravated Assault by Vehicle While Driving Under the Influence, and other related charges. (Doc. 9-7, at 2; see also, Electronic Docket No. CP-67-CR-0003003-2008, http://ujsportal,pacourts.us; Doc. 9-1, at 2.) He pled guilty to the homicide and aggravated assault charges on September 26, 2008. (Doc. 9-7, at 2.) The plea was taken under advisement and additional information was requested by the trial court. (Id.) After assembly of the additional information, the plea was rejected, and petitioner was permitted to withdraw his plea of guilty. (Id.) Petitioner, however, declined to do so and allowed his plea to stand. (Id.)

On November 25, 2008, the trial court sentenced him to 52 to 120 months imprisonment on the vehicular homicide charge, and 20 to 60 months imprisonment on the aggravated assault charge, to run consecutive to the vehicular homicide sentence. (Doc. 9-1, at 8; Doc. 9-7, at 2.) No direct appeal followed. (Id.)

On or about April 17, 2009, petitioner filed his first petition for post conviction

collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 9-7, at 3.) Following a hearing, the petition was denied by the PCRA court on June 1, 2009. (Id.) A notice of appeal was filed with the Superior Court of Pennsylvania and, on February 22, 2010, the Superior Court affirmed the PCRA court's decision. ((Doc. 9-7, at 3; Doc. 9-3.) On October 14, 2010, the Pennsylvania Supreme Court denied allocatur review. (Doc. 9-5; Doc. 9-7, at 3, citing Commonwealth v. Seabolt, 996 A.2d 15 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 8 A.3d 899 (Pa. 2010); Certified Record (C.R.) at 40, 41.)

While the first PCRA was still pending, petitioner filed a second PCRA petition. On receipt of the second PCRA petition, the PCRA court noted that the first PCRA proceeding was still pending appellate review and it therefore lacked jurisdiction to entertain and act upon that application. (Doc. 9-7, at 3; Doc. 9-1, at 13.) The second PCRA petition was therefore dismissed on July 8, 2010. (Id.)

A third PCRA petition was filed in mid-October 2010, which was amended on November 5, 2010. (Doc. 9-7, at 4; Doc. 9-1, at 14.) The Commonwealth moved to dismiss the petition as untimely. (Doc. 9-7, at 4.) Following a hearing, the PCRA court dismissed petitioner's third petition as untimely on January 7, 2011. (Id.) Petitioner appealed and, on December 27, 2011, the Superior Court affirmed the January 7, 2011 Order dismissing the petition as untimely. (Doc. 9-7, at 11.)

The instant petition was filed on April 26, 2012. (Doc. 1.)

**II.     Discussion**

3

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

On November 25, 2008, the trial court sentenced petitioner to 52 to 120 months imprisonment on the vehicular homicide charge and 20 to 60 months imprisonment on the

4

charge of aggravated assault, which was ordered to run consecutive to the vehicular homicide sentence. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). Petitioner did not pursue an appeal. His judgment therefore became final thirty days later, on December 26, 2008, when his time to seek appellate review expired. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on April 26, 2012, appears to be untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the limitations period was tolled on April 17, 2009, when petitioner filed his first PCRA petition; approximately 112 days after the period commenced on December 27, 2008. The period remained tolled until October 14, 2010, when the Pennsylvania Supreme Court denied petitioner's petition for allocatur. At that time he had the one year minus 112 days in which to file his federal petition. The one-year period expired on or about June 30, 2011. His federal petition was filed on April 26, 2012, well after the expiration of the limitations period.

Significantly, neither the second nor third PCRA operated to toll the statute of limitations because they were rejected by the state courts as either improperly filed or

untimely and, as such, are not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

### B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Petitioner argues that he acted diligently once he received information in April 2010,

6

which allegedly revealed that the victim of the aggravated assault charge, Mr. Morris, did not suffer injuries that amounted to serious bodily injury, an element of the offense of aggravated assault by vehicle while driving under the influence. (Doc. 10, ¶¶ 11-12; Doc. 9-7, at 8). He filed his second PCRA petition on May 24, 2010, which was dismissed based on the still-pending first PCRA petition. Once allocatur was denied on the first PCRA petition, he submitted a third PCRA petition, which was deemed untimely. Petitioner appealed this determination through available state court avenues and, within four months of the conclusion of the state court proceedings, he filed his federal petition. It appears that petitioner has, in fact, exercised reasonable diligence in pursuing relief.

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)

Petitioner argues that the government misled him by withholding medical information concerning whether Mr. Morris suffered injuries that amounted to serious bodily injury. This very argument was presented in the state court during the appeal of the denial of his third PCRA petition as untimely and plainly rejected. Specifically, the state court concluded as follows:

> Herein, the record reveals Appellant's trial counsel testified at the

7

> PCRA hearing that he reviewed Mr. Morris's victim impact statement with Appellant and explained the elements of the offense of aggravated assault, including the definition of serious bodily injury, prior to Appellant entering his guilty plea. N.T., 1/7/11, at 12-14; C.R. at 48. In his victim impact statement, Mr. Morris stated that, as a result of the accident, "[he] will forever have a clicking/popping coming from [his] knee] which becomes sore and will keep [him] from doing some of the activities [he has] always enjoyed." Id. at 44, Commonwealth's Exhibit 2 (Victim Impact Statement of Daniel Morris.)  Mr. Morris gave virtually the same testimony regarding the seriousness of his injuries in his March 2010 deposition, indicating ongoing "[p]ain in the knee mostly, popping, clicking, kneecap very sore. . . ." Id. at 44, Commonwealth's Exhibit 3 (Deposition Testimony of Daniel Morris, 3/15/11.)  Mr. Morris' s medical treatment summary is also consistent with the description of his injuries in his victim impact statement and deposition testimony. See id. at 44, Commonwealth's Exhibit 3 (Medical Treatment Summary of Daniel Morris). Accordingly, the record reveals Mr. Morris's deposition testimony and medical treatment summary provide no new facts regarding the seriousness of his injuries. As Appellant fails to prove that there were facts unknown to him prior to entering his guilty plea, we conclude the record supports the PCRA court's finding that Appellant fails to satisfy the "newly-discovered facts" exception. See Bennett, *supra* at 1270. Therefore, Appellant is not entitled to relief under the PCRA.

(Doc. 9-7, at 9-10.) Petitioner's argument that the government actively misled him by withholding medical information concerning whether Mr. Morris suffered injuries that amounted to serious bodily injury lacks merit. Consequently, he fails to establish extraordinary circumstances existed. Equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

**IV.    Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order follows.

                                  **BY THE COURT:**

                                  **s/James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**

Dated:   June 11, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY M. SEABOLT,** | : | **CIVIL NO. 3:CV-12-0780** |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ROBERT COLLINS, et al.,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 11th day of June 2012, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Respondents' motion to dismiss (Doc. 9) the habeas petition as untimely is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

3. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

4. The Clerk of Court is directed to CLOSE this case.

                                          **BY THE COURT:**

                                          **s/James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**